UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BABCOCK,

                                    Petitioner,

        - against -

PHILIP HEATH, Superintendent
Sing Sing Correctional Facility,

                                    Respondent.

11 Civ. 4631 (KMK)(PED)

**REPORT AND
RECOMMENDATION**

TO:   THE HONORABLE KENNETH M. KARAS,
        UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

George Babock Jr. ("Petitioner") seeks, by his *pro se* petition, a writ of *habeas corpus*

pursuant to 28 U.S.C. § 2254, from his October 6, 2008 conviction entered in Orange County

Court (De Rosa, J.). Petitioner was convicted, upon his plea of guilty, of one count of sodomy in

the first degree and sentenced, *inter alia*, to a determinate term of ten years imprisonment plus

two and one-half years of post-release supervision. This petition comes before me pursuant to

an Order of Reference dated August 12, 2011 (Docket No. 7). For the reasons set forth below, I

respectfully recommend that this petition be **DENIED**.

## II. BACKGROUND[1]

### A.    The Crime and Pre-Trial Proceedings

---

[1] Unless otherwise indicated, the information contained within this section is taken from
Respondent's Affirmation in Opposition to Petition for Writ of Habeas Corpus ("Resp't Aff.")
(Docket No. 13), Petitioner's Appellate Brief (Br. of Def.-Appellant") (attached to Resp't Aff.,
at Ex. 6), Respondent's Appellate Brief ("Br. for Resp't") (attached to Resp't Aff., at Ex. 7),
Respondent's Memorandum of Law ("Resp't Mem.") (Docket No. 13). All exhibits cited herein
are attached to Resp't Aff. (Docket No. 13).

The relevant facts of the underlying criminal offense and related proceedings may be briefly summarized.  Between July 1, 2000 and September 1, 2000, Petitioner sexually assaulted M.M.,[2] a child under the age of eleven.  The child came forward in 2008 and accused the Petitioner of the assaults.  In a phone call monitored by New York State Police, Petitioner admitted to the assaults and indicated a desire to engage in those acts with the child again.  Petitioner was arrested and waived his Miranda[3] rights.  He admitted to Police that he engaged in oral and vaginal sex with the child.  He was then charged with rape in the first degree, sodomy in the first degree, and endangering the welfare of a child. (See Resp't Aff., at 1-2).

**B.     Guilty Plea and Sentencing**

On June 26, 2008, Petitioner pled guilty to one count of sodomy in the first degree.  Petitioner stated he understood the rights he waived by pleading guilty, including: the right to a jury trial, the right to cross-examine witnesses, the right to subpoena witnesses, the right to testify on his own behalf, and the right to remain silent.  He also confirmed he was pleading guilty because he was guilty of the offense, and that he understood that by doing so he waived his right to appeal.  Petitioner then allocuted, and the court accepted his plea.  (See June 26, 2008 Tr., at 5-7 (Ex. 2)).

The prosecution recommended a sentence of nine years incarceration plus two and one-half years post-release supervision.  The court informed Petitioner that it anticipated imposing a sentence of eight years incarceration plus two and one-half years post-release supervision.  The matter was adjourned.  (See Id. at 2).

---

[2] Pursuant to New York Civil Rights Law § 50-b, the names of victims of sexual assaults shall be kept confidential.

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

On October 2, 2008, Petitioner appeared for sentencing.  The court informed Petitioner that upon review of the pre-sentencing report, it would not limit his sentence to eight years.[4] Instead, it would sentence him to a determinate term of ten years plus two and one-half years post-release supervision.  The court also gave Petitioner the opportunity to withdraw his guilty plea and proceed to trial.   Petitioner requested his guilty plea be withdrawn.  The court informed Petitioner that his maximum sentence exposure was forty years.  Petitioner stated he understood and the court granted the motion. (See Oct. 2, 2008 Tr., at 2-5 (Ex. 4)).

On October 6, 2008, Petitioner appeared for Grand Jury proceedings.  At that time, Petitioner asked the court to vacate its October 2 order withdrawing his guilty plea and to reinstate his June 26 guilty plea.  The court granted his request and sentenced him to a determinate term of ten years imprisonment plus two and one-half years post-release supervision.  (See Oct. 6, 2008 Tr., at 2-8 (Ex. 5)).

## C.   **Direct Appeal**

Petitioner, through his appellate counsel, appealed his conviction to the New York State Appellate Division, Second Department and raised the following claims:

(1) his plea was not knowingly, voluntarily, or intelligently entered; and
(2) his sentence was unduly harsh and excessive.

(Br. of Def.-Appellant, at 1).  The Appellate Division affirmed the judgment on April 20, 2010. People v. Babcock, 898 N.Y.S.2d 503 (App. Div. 2010).  The New York Court of Appeals

---

[4] Respondent asserts that the court enhanced the eight-year sentence because the pre-sentencing report indicated Petitioner blamed the victim for his conduct, failed to take responsibility for his actions, and maintained that the victim seduced him.  (See Resp't Mem., at 4 n.3).

denied leave to appeal on July 8, 2010. People v. Babcock, 15 N.Y.3d 771 (2010). Petitioner

did not seek a writ of certiorari to the United States Supreme Court.

**D.      Federal *Habeas Corpus* Proceedings**

By petition signed May 24, 2011, Petitioner filed for a writ of *habeas corpus*, and raised

the same claims he raised on direct appeal.[5]  (See Pet. for Writ of Habeas Corpus) (attached to

Resp't Aff. at Ex. 10).

### III. DISCUSSION

**A.      Applicable Law on *Habeas Corpus* Review**

"Habeas review is an extraordinary remedy." Bousley v. United States, 523 U.S. 614,

621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)).  Before a federal district court may

review the merits of a state criminal judgment in a *habeas corpus* action, the court must first

determine whether the petitioner has complied with the procedural requirements set forth in 28

U.S.C. §§ 2244 and 2254.  If there has been procedural compliance with these statutes, the court

must then determine the appropriate standard of review applicable to the petitioner's claim(s) in

accordance with § 2254(d).  The procedural and substantive standards applicable to *habeas*

review, which were substantially modified by the Anti-Terrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996), are summarized

below.

**1.      *Timeliness Requirement***

---

[5] *Habeas corpus* petitions filed by incarcerated *pro se* petitioners are deemed filed on the date submitted to prison officials. Houston v. Lack, 487 U.S. 266, 270 (1988).  Petitioner signed a statement at the bottom of his petition which affirmed he delivered it to prison officials on May 24, 2011.  (See Pet. for Writ of Habeas Corpus) (attached to Resp't Aff. at Ex. 10).  The petition was timely filed. (See 28 U.S.C. § 2244(d)(1)).

4

A federal *habeas corpus* petition is subject to AEDPA's strict, one-year statute of limitations. See 28 U.S.C. § 2244(d). The statute provides four different potential starting points for the limitations period, and specifies that the latest of these shall apply. See id. § 2244(d)(1). Under the statute, the limitation period is tolled only during the pendency of a properly filed application for State post-conviction relief, or other collateral review, with respect to the judgment to be challenged by the petition. See id. § 2244(d)(2). The statute reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id. § 2244(d).

The one-year limitation period is subject to equitable tolling, which is warranted when a petitioner has shown "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2262 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In the

Second Circuit, equitable tolling is confined to "rare and exceptional circumstance[s]," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (internal quotation omitted), which have "prevented [the petitioner] from filing his petition on time," Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (internal quotation marks and emphasis omitted).  The applicant for equitable tolling must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing – a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde, 224 F.3d at 134.

2. ***Exhaustion Requirement***

A federal court may not grant *habeas* relief unless the petitioner has first exhausted his claims in state court.  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see 28 U.S.C. § 2254(b)(1) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant"); id. § 2254(c) (the petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented").  The exhaustion requirement promotes interests in comity and federalism by demanding that state courts have the first opportunity to decide a petitioner's claim.  Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

To exhaust a federal claim, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review),

thereby alerting that court to the federal nature of the claim," and thus "giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). "Because non-constitutional claims are not cognizable in federal habeas corpus proceedings, a habeas petition must put state courts on notice that they are to decide federal constitutional claims." Petrucelli v. Coombe, 735 F.2d 684, 687 (2d Cir. 1984) (citing Smith v. Phillips, 455 U.S. 209, 221 (1982)). Such notice requires that the petitioner "apprise the highest state court of both the factual and legal premises of the federal claims ultimately asserted in the habeas petition." Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005) (internal citation omitted). A claim may be "fairly presented" to the state courts therefore, even if the petitioner has not cited "chapter and verse of the Constitution," in one of several ways:

> (a) [R]eliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Daye v. Attorney Gen. of N.Y., 696 F.2d 186, 194 (2d Cir. 1982). A *habeas* petitioner who fails to meet a state's requirements to exhaust a claim will be barred from asserting that claim in federal court. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

However, "[f]or exhaustion purposes, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) (internal quotation omitted). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991). Such a procedurally barred claim may be deemed exhausted by a federal *habeas* court.

7

See, e.g., Reyes, 118 F.3d at 139.  However, absent a showing of either "cause for the procedural default and prejudice attributable thereto," Harris v. Reed, 489 U.S. 255, 262 (1989), or "actual innocence," Schlup v. Delo, 513 U.S. 298 (1995), the petitioner's claim will remain unreviewable by a federal court.

Finally, notwithstanding the procedure described above, a federal court may yet exercise its discretion to review and deny a mixed petition containing both exhausted and unexhausted claims, if those unexhausted claims are "plainly meritless." Rhines v. Weber, 544 U.S. 269, 277 (2005); see 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); see also, e.g., Padilla v. Keane, 331 F. Supp.2d 209, 216 (S.D.N.Y. 2004) (interests in judicial economy warrant the dismissal of meritless, unexhausted claims).

### 3.    ***Procedural Default***

Even where an exhausted and timely *habeas* claim is raised, comity and federalism demand that a federal court abstain from its review when the last-reasoned state court opinion to address the claim relied upon "an adequate and independent finding of a procedural default" to deny it. Harris, 489 U.S. at 262; see also Coleman v. Thompson, 501 U.S. 722, 730 (1991); Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995).

A state court decision will be "independent" when it "fairly appears" to rest primarily on state law. Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006) (citing Colman, 501 U.S. at 740).  A decision will be "adequate" if it is "'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

4.    *AEDPA Standard of Review*

Before a federal court can determine whether a petitioner is entitled to federal *habeas*

relief, the court must determine the proper standard of review under AEDPA for each of the

petitioner's claims.  28 U.S.C. § 2254(d)(1)-(2).  This statute "modifie[d] the role of federal

habeas corpus courts in reviewing petitions filed by state prisoners," and imposed a more

exacting standard of review.  Williams v. Taylor, 529 U.S. 362, 402 (2000).  For petitions filed

after AEDPA became effective, federal courts must apply the following standard to cases in

which the state court adjudicated on the merits of the claim:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in the
> > State court proceeding.

§ 2254(d)(1)-(2).  The deferential AEDPA standard of review will be triggered when the

state court has both adjudicated the federal claim "on the merits," and reduced its disposition to

judgment.  Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001).  Where the state court "did not

reach the merits" of the federal claim, however, "federal habeas review is not subject to the

deferential standard that applies under AEDPA . . . .  Instead, the claim is reviewed *de novo*."

Cone v. Bell, 129 S. Ct. 1769, 1784 (2009); see § 2254(d).

Under the first prong of the AEDPA deferential standard, a state court decision is

contrary to federal law only if it "arrives at a conclusion opposite to that reached by the [the

Supreme Court] on a question of law or if [it] decides a case differently than [the Supreme

9

Court] on a set of materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 413. A decision involves an "unreasonable application" of Supreme Court precedent if the state court "identifies the correct governing legal rule from the Supreme Court cases but unreasonably applies it to the facts of the particular state prisoner's case," or if it "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." <u>Id.</u> at 407.

Under the second prong of AEDPA, the factual findings of state courts are presumed to be correct. 28 U.S.C. § 2254(e)(1); <u>see</u> <u>Nelson v. Walker</u>, 121 F.3d 828, 833 (2d Cir. 1997). The petitioner must rebut this presumption by "clear and convincing evidence." § 2254(e)(1).

**B.**   **<u>Analysis of Petitioner's Claims</u>**

   **1.**   ***<u>Petitioner's Guilty Plea was not Knowingly, Voluntarily, or Intelligently</u>***
         ***<u>Entered (Claim 1)</u>***[6]

Petitioner asserts his plea was not knowingly, voluntarily, or intelligently entered for two reasons. First, he argues his plea was based on a promised eight-year sentence and when the court "re-neged" on that promise and offered a ten-year sentence, his plea and waiver became invalid. (Br. of Def.-Appellant, at 6). Second, he argues that once he withdrew his guilty plea, he was restored to "pre-plea status." As such, he claims that a second allocution was necessary to ensure that he pled knowingly, voluntarily, and intelligently to the charge. (<u>Id.</u> at 7). Respondent contends, in part, that this claim is procedurally barred from *habeas* review. (<u>See</u> Resp't Aff., at 4). Respondent is correct.

It is clear from the Second Department's written decision that it actually relied upon a

---

[6] I identify the claims as I have numbered them in Section II(C) above.

state procedural rule in denying this claim.[7]  The court's reliance on this rule constitutes an

independent ground for its decision.  See Harris, 489 U.S. at 264.  Specifically, the Second

Department's decision relied upon New York State's requirement that a challenge to the validity

of a guilty plea must be preserved for appellate review by first seeking in the trial court to

withdraw the plea[8] or to vacate the judgment of conviction.[9]  Babcock, 898 N.Y.S.2d, at 503.  It

is well-settled in New York that such challenges must be preserved in this manner, and state

courts regularly follow this rule in denying claims.  See, e.g., Garcia v. Boucaud, 2011 WL

1794626, at *3 (S.D.N.Y. May 11, 2011) (internal citation omitted) ("Treating a failure to

---

[7] The opinion reads in pertinent part:

> The defendant's contention that his plea was not knowing or voluntary is
> unpreserved for appellate review, since he did not move to withdraw his plea on
> these grounds (*see People v Mitchell*, 69 AD3d 833).  The narrow exception to the
> preservation rule (*see People v Lopez*, 71 NY2d 662, 666) is inapplicable here (*see
> People v Smith*, 43 AD3d 474).

Babcock, 898 N.Y.S.2d at 503 (parallel citations omitted).  The cases cited by the court identify
the pertinent procedural rule.

[8]

> At any time before the imposition of sentence, the court in its discretion may
> permit a defendant who has entered a plea of guilty to the entire indictment or to part
> of the indictment, or a plea of not responsible by reason of mental disease or defect,
> to withdraw such plea, and in such event the entire indictment, as it existed at the
> time of the plea, is restored.

N.Y. Crim. Proc. Law § 220.60(3).

[9]

> At any time after the entry of a judgment, the court in which it was entered
> may, upon motion of the defendant, vacate such judgment upon the ground that...
> [t]he judgment was procured by duress, misrepresentation or fraud on the part of the
> court or a prosecutor or a person acting for or in behalf of a court or a prosecutor.

N.Y. Crim. Proc. Law § 440.10(1)(b).

11

withdraw a plea as a procedural default is well-established in the New York courts. . . . [T]he Court of Appeals [has] noted [in] its prior holdings that in order to preserve a challenge to the factual sufficiency of a plea allocution there must have been a motion to withdraw the plea under [N.Y. Crim. Proc. Law] § 220.60(3) or a motion to vacate the judgment of conviction under [N.Y. Crim. Proc. Law] § 440.10. Numerous New York courts, including federal courts on habeas review, have applied that rule in rejecting challenges to the sufficiency of guilty pleas as . . . procedurally barred.");[10] Hunter v. McLaughlin, 2008 WL 482848, at *3 (S.D.N.Y. Feb. 21, 2008) (collecting cases and determining that "[t]here is ample case law holding that a defendant must notify the trial court of his request to withdraw a guilty plea on a specific basis in order to preserve that issue for appeal").[11]  Accordingly, in denying this claim, the state court relied upon an adequate procedural bar that precludes federal review.  Petitioner does not allege cause and prejudice, or a resulting fundamental miscarriage of justice to circumvent this procedural default.

Accordingly, Claim 1 must be denied.

### 2.     *The Sentence was Unduly Harsh and Excessive (Claim 2)*

Petitioner argues that his sentence was unduly harsh and excessive.  (Br. of Def.-Appellant, at 11).  Respondent contends this claim is not cognizable upon federal *habeas*

---

[10] Copies of unreported cases cited herein will be mailed to Petitioner.  See Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

[11] While New York State does recognize a limited exception to this state procedural default, the Second Department determined that it did not apply in Petitioner's case.  In People v. Lopez, the New York Court of Appeals held that "where a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered." People v. Lopez, 71 N.Y.2d 662, 666 (1988). Failure to make further inquiry will enable a defendant to challenge the validity of his plea on direct appeal regardless of whether a motion to vacate or withdraw was made.  Here, the Second Department specifically cited Lopez in denying Petitioner's claim. Babcock, 898 N.Y.S.2d at 503.

review.  (Resp't Mem., at 15-16).  Respondent is correct.

It is well-settled that "[n]o federal constitutional issue is presented where...the sentence is within the range prescribed by law."  White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).  In this case, a determinate sentence of ten years is permitted by New York law.  N.Y. Penal Law § 130.50(3) (defining criminal sexual offense); Id. § 70.02 (classifying criminal sexual offense as a class B felony); Id. § 70.80(4)(a)(i) (requiring an offender convicted of a class B felony sexual offense to receive a determinate sentence of at least five years and not more than twenty-five years).

Accordingly, Claim 2 should be denied.

## IV.  CONCLUSION

For the reasons set forth above, I conclude – and respectfully recommend that Your Honor should conclude – that the petition be **DENIED**.  Further, because reasonable jurists would not find it debatable that Petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right, I recommend that no certificate of appealability be issued.  See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days, plus an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Kenneth M. Karas, at the Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains,

New York 10601 and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas.

Dated: February 10, 2012
       White Plains, New York

                                        Respectfully Submitted,


                                        _____
                                        Paul E. Davison
                                        United States Magistrate Judge


A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Kenneth M. Karas
The Honorable Charles L. Brieant, Jr. Federal Building and United States
Courthouse
300 Quarropas Street
White Plains, New York 10601

George Babcock, *pro se*
08-A-5466
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

Andrew R. Kass, Esq.
Office of the Orange County District Attorney
23 Seward Avenue
Middletown, NY 10940

14