USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE BABCOCK,

                     Petitioner,

v.

PHILIP HEATH, Superintendent of the
Sing Sing Correctional Facility,

                     Respondent.

---

Case No. 11-CV-4631 (KMK) (PED)

ORDER ADOPTING R&R

KENNETH M. KARAS, District Judge:

George Babcock, Jr. ("Petitioner") seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 from his 2008 conviction in Orange County. The case was referred to Magistrate Judge Paul Davison, who issued a Report and Recommendation ("R&R"). (Dkt. No. 14.) The Court, having reviewed Petitioner's Petition for Writ of Habeas Corpus, (Pet. for Writ of Habeas Corpus ("Pet.") (Dkt. No. 1)), Respondent's Memorandum in Opposition and supporting exhibits, ("Resp't's Mem." (Dkt. No. 13)), Magistrate Judge Davison's R&R, and Petitioner's Memorandum containing his Objections to the R&R, ("Pet'r's Obj." (Dkt. No. 16)), hereby adopts the R&R and denies Petitioner's request for habeas relief.

## I. BACKGROUND

### A. Factual Background

The Court assumes the Parties' familiarity with the factual and procedural history of the case, as described in Judge Davison's thorough R&R. In short, Petitioner was arrested on June 8, 2008, and, after waiving his *Miranda* rights, confessed to having engaged in oral and vaginal sex with a seven year-old child. (*See* R&R 2.)

On June 26, 2008, Petitioner, who was represented by counsel, pled guilty to one count of "sodomy in the first degree" (N.Y. Penal Law § 130.50(3)). (R&R 2.) During his plea allocution, Petitioner admitted to sexually assaulting the child between July 1 and September 1, 2000. (*See* June 26, 2008 Hr'g Tr. ("June 26 Tr.") 8–9 (Resp't's Mem. Ex. 2).) Petitioner stated that he understood that he waived certain rights by pleading guilty, including the right to a jury trial, as well as his rights to cross-examine witnesses, subpoena witnesses, testify on his own behalf, and remain silent. (*Id.* at 5–6) Petitioner also confirmed that he was pleading guilty because he was guilty of the offense, and that he understood that doing so waived his right to appeal. (*Id.* at 6–7.) In fact, Petitioner and his counsel signed a waiver of appeal. (Resp't's Mem. Ex. 3, at 1.) Petitioner then delivered his allocution, and the court accepted his plea. (*Id.* at 8–9.) Based upon Petitioner's allocution, the trial court found that Petitioner had knowingly, voluntarily, and intelligently entered a guilty plea to sodomy in the first degree. (*Id.* at 9.) The trial court also indicated that it was inclined to sentence Petitioner to eight years of incarceration, with two-and-a-half years of post-release supervision. (*Id.* at 2.)

On October 2, 2008, Petitioner appeared before the trial court for sentencing. (*See* Oct. 2, 2008 Hr'g Tr. ("Oct. 2 Tr.") 2 (Resp't's Mem. Ex. 4).) The trial court informed Petitioner that the Pre-Sentence Investigation (PSI) suggested that the court's initial sentence assessment was not appropriate. (*Id.* at 2.) The trial court informed Petitioner that he could either continue with the plea and receive a ten-year prison sentence with a period of two-and-a-half-year post-release supervision or withdraw his guilty plea and proceed to trial. (*Id.* at 2.) Petitioner chose to withdraw his plea against the advice of his counsel. (*Id.* at 4.) The court advised Petitioner that the People were prepared to indict Petitioner and charge him with rape in the first degree and sodomy in the first degree, both of which are Class B felonies. (*Id.* at 5.) The court further

2

informed Petitioner that a conviction on these counts could trigger a forty-year sentence. (*Id.*) Petitioner nonetheless insisted that his June 26, 2008 plea be withdrawn. (*Id.* at 6.)

On October 6, 2008—the day that Petitioner's case was scheduled to be presented to the Grand Jury for indictment—Petitioner's counsel indicated that Petitioner wished to reinstate his original plea and was prepared to accept the ten-year sentence. (*See* October 6, 2008 Hr'g Tr. ("Oct. 6 Tr.") 2 (Resp't's Mem. Ex 5).) The trial court then confirmed with Petitioner that he was seeking vacatur of the prior order permitting him to withdraw his plea. (*Id.* at 3–4.) The court then granted Petitioner's application to vacate the withdrawal and reinstated Petitioner's June 26, 2008 plea. (*Id.*) Prior to sentencing, the court heard remarks from the victim's mother. (*Id.* at 5.) When she described the effect that Petitioner's sexual assault had on her daughter, Petitioner interrupted to say that "[the victim] told [him] to do it." (*Id.* at 5.) Petitioner's counsel asked the court to consider the fact that Petitioner had no prior criminal history and that Petitioner "has some severe limitations educationally and otherwise," in determining an appropriate sentence. (*Id.* at 6–7.) Petitioner did not address the court. The court then sentenced Petitioner to a period of ten years incarceration and two-and-a-half years supervised release. (*Id.* at 8.)

B. Procedural Background

Since his conviction, Petitioner has filed two state court appeals as well as the instant habeas Petition. Magistrate Judge Davison's R&R contains a comprehensive catalogue of Petitioner's filings and the claims raised therein, several of which are noteworthy for purposes of this Order. (*See* R&R 3–4.) Petitioner filed his first direct appeal in the New York Supreme Court, Appellate Division, which affirmed Petitioner's conviction on April 20, 2010. *See People v. Babcock*, 898 N.Y.S. 2d 503, 503–04 (App. Div. 2010) (holding that Petitioner's argument

3

that his plea was not knowing and voluntary was unpreserved for appellate review and that the sentence was not excessive). The New York Court of Appeals denied leave to appeal on July 8, 2010. *See People v. Babcock*, 933 N.E.2d 1053, 1053 (N.Y. 2010). On June 16, 2011, Petitioner filed his federal habeas petition, along with supporting documents claiming, as he did in his state appeal, that his October 6, 2008 plea was invalid because the court did not require him to reallocute and that his sentence was excessive. (*See* Pet. 4.) Respondent filed his response on November 23, 2011. (*See* Resp't's Mem.) On February 10, 2012, Magistrate Judge Davison issued an R&R recommending that the Court deny the Petition. (*See* R&R 14.) On March 26, 2012, Petitioner filed a timely objection to the R&R, which reiterated his claim that his October 6, 2008 plea was invalid because he did not re-allocute, and also raised a new issue: that his Post Traumatic Stress Disorder (PTSD) rendered his plea involuntary. (*See* Pet'r's Obj. 3.) Petitioner did not object to Magistrate Judge Davison's conclusion that Petitioner's excessive sentence claim should be rejected. The Court now considers these claims.

## II. DISCUSSION

### A. Legal Standard

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), a party may submit objections to the magistrate judge's report and recommendation. These objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and filed "[w]ithin 14 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to

4

Federal Rules of Civil Procedure 5(b)(2)(C)–(F), for a total of seventeen days, *see* Fed. R. Civ. P. 6(d).

Where a party submits timely objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)).

Petitioner filed his Objections to the R&R without assistance of counsel. (*See* Pet'r's Obj.) The Court considers this pro se submission in keeping with the special solicitude afforded to pro se litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("[A] court is ordinarily obligated to afford a special solicitude to *pro se* litigants" because such litigants "generally lack[] both legal training and experience"). Because Plaintiff is proceeding pro se, the Court must construe his pleadings liberally and "interpret them to raise the strongest arguments that they suggest." *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 347 (S.D.N.Y. 2009) (internal quotation marks omitted); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). This admonition "applies with particular force when a plaintiff's civil rights are at issue." *Maisonet*, 640 F. Supp. 2d at 348; *see also McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (noting that "when the plaintiff proceeds *pro se*, as in this case, a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations"). However, the liberal treatment afforded to pro se litigants does not

5

exempt pro se parties "from compliance with relevant rules of procedural and substantive law." *Maisonet*, 640 F. Supp. 2d at 348 (internal quotation marks omitted).

B. Analysis

The Court reviews the issues raised in Petitioner's Objections de novo as required by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, with respect to the claims addressed in the R&R to which Petitioner did not object, specifically that his sentence was unduly harsh and excessive, (*see* R&R 13), the Court has reviewed the R&R for clear error of law, *see Olivares v. Ercole*, 975 F. Supp. 2d 345, 355 (S.D.N.Y. 2013) (applying clear error review in the absence of objections to an R&R). Finding no error, even on a de novo review, the Court hereby adopts the R&R's conclusions with respect to the constitutionality of Petitioner's sentence.

In his objection, Petitioner repeats his claim that this plea was not knowing or voluntary. He adds to this claim the assertion, for the first time in this case, that his plea was invalid because he suffers from Post Traumatic Distress Disorder (PTSD). Neither claim is persuasive.

First, Petitioner's claim that the trial court should have re-allocuted him prior to sentence was rejected by the Appellate Division because Petitioner failed to move to withdraw his plea on those grounds before the trial court. (*See Babcock*, 898 N.Y.S.2d at 503; Oct. 6 Tr. 3–4.) Indeed, this procedural requirement is plain under New York law. *See People v. Mitchell*, 892 N.Y.S.2d 777, 777 (App. Div. 2010) (holding that "[the] defendant's contention that his plea was not voluntary because it was coerced is unpreserved for appellate review, since he did not move to withdraw his plea on that basis"); *see also Garcia v. Boucaud*, No. 09-CV-5758, 2011 WL 1794626, at *3 (S.D.N.Y. May 11, 2011) (noting that "[t]reating a failure to withdraw a plea as a procedural default is well-established in the New York courts"); *Hunter v. McLaughlin*, No. 04-

6

CV-4058, 2008 WL 482848, at *3 (S.D.N.Y. Feb. 21, 2008) (noting that "there is ample [New York] case law holding that a defendant must notify the trial court of his request to withdraw a guilty plea on a specific basis in order to preserve that issue for appeal" (citing *People v. Clarke*, 712 N.E.2d 668, 669 (N.Y. 1999); *People v. Johnson*, 619 N.E.2d 405, 405 (N.Y. 1993); *People v. Pellegrino*, 454 N.E.2d 938, 939 (N.Y. 1983))). This rule serves the purpose providing the trial court with "the opportunity to address the perceived error and to take corrective measures." *People v. Louree*, 869 N.E.2d 18, 21 (N.Y. 2007) (internal quotation marks omitted). This is why an independent and adequate ground to deny Petitioner's relief existed, as Magistrate Judge Davison appropriately concluded. *See Contant v. Sabol*, 987 F. Supp. 2d 323, 350 (S.D.N.Y. 2013) ("When a state court judgment rests on independent and adequate state law grounds, including a petitioner's failure to meet state procedural requirements, a federal court may not consider the petitioner's substantive claims." (alteration and internal quotation marks omitted)); *Garcia v. Boucaud*, No. 09-CV-5758, 2010 WL 1875636, at *7 (S.D.N.Y. May 11, 2010) (noting that "failure to withdraw a guilty plea before sentencing constitutes an independent and adequate ground for the state court decision"), *adopted by* 2011 WL 1794626 (S.D.N.Y. May 11, 2011).[1]

Thus, because Petitioner's objection does not address the state procedural bar to his claim, and because a federal court "will not review questions of federal law presented in a

---

[1] This preservation requirement allows for a narrow exemption, such as when the plea allocution itself casts significant doubt upon a defendant's guilt, or otherwise calls into question the voluntariness of the plea. *See People v. Lopez*, 525 N.E.2d 5, 6 (N.Y. 1988). Yet, nowhere in his Petition did Petitioner point to anything in the allocution itself that would fit this case into either of these narrow categories. Indeed, Petitioner acknowledged his guilt at the plea and at sentencing. (*See* June 26 Tr. 8–9; Oct. 6 Tr. 5.) Moreover, the Court's own review of the plea allocution yields no evidence that Petitioner could invoke this narrow exception.

habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment," the Court adopts the R&R as to this claim. *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (internal quotation marks omitted); *see Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir. 1996) (noting that this bar also applies where "a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim" (internal quotation marks omitted)); *Lisojo v. Rock*, No. 09-CV-7928, 2010 WL 1223086, at *21 (S.D.N.Y. Mar. 31, 2010) (noting that preclusion of federal review is proper when "the last state court to render judgment . . . clearly and expressly state[s] that its judgment rested on a state procedural bar") (alteration and internal quotation marks omitted).

Second, to the extent Petitioner is now asserting, for the first time, that the plea was involuntary because Petitioner suffers from PTSD, that claim is rejected. First, this factual claim in no way excuses Petitioner from the procedural requirement that he raise this issue with the trial court in the first instance. *See Garcia*, 2011 WL 1794626, at *3 (noting that "in order to preserve a challenge to the factual sufficiency of a plea allocution there must have been a motion to withdraw the plea" made to the trial court (internal quotation marks omitted)); *Hunter*, 2008 WL 482848, at *3 (same); *Mitchell*, 892 N.Y.S.2d at 777 (same). Second, there is nothing in the record that supports this first-time assertion. In particular, there is nothing in the plea allocution itself that remotely suggests Petitoner did not understand what he was doing when he pled guilty. Third, this claim is rejected as being presented only in the objection to the R&R, rather than in his original habeas petition. *See Lue v. Marshall*, No. 08-CV-3834, 2014 WL 787327, at *1 (S.D.N.Y. Feb. 24, 2014) (noting that there is no right to present further testimony when the petitioner offered no justification for not offering the testimony at the hearing before the

magistrate); *Azkour v. Little Rest Twelve, Inc.*, No. 10-CV-4132, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) (noting that "[c]ourts generally do not consider new evidence raised in objections" and that "[i]t is inappropriate for the Court to consider new evidence upon review of a Magistrate's Report and Recommendation, when Parties had an opportunity fully to brief their Cross–Motions before the Magistrate" (alteration in original)); *Feehan v. Feehan*, No. 09-CV-7016, 2010 WL 3734079, at *2 (S.D.N.Y. Sept. 22, 2010) (same). Thus, the Court rejects Petitioner's objections and adopts the R&R in its entirety.

9

### III. CONCLUSION

For the reasons discussed above, the Court hereby adopts the Report and Recommendation dated February 10, 2012 in full and dismisses Petitioner's Petition for Writ of Habeas Corpus with prejudice.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not be issued, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000), and the Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, *see Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous."); *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322–23 (S.D.N.Y. 2010) (citing *Coppedge* and finding that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith).

The Clerk of the Court is respectfully directed to enter a judgment in favor of Respondent and to close this case.

SO ORDERED.

Dated: October 3, 2014
      White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

10